UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN FISCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cv-01587-AGF |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Martin Fischer was not financially eligible for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. For the reasons set forth below, the decision of the Commissioner will be affirmed.

# BACKGROUND

Plaintiff, who was born on December 9, 1954, protectively filed an application for SSI benefits on October 2, 2012. Plaintiff's application was denied at the initial administrative level due a finding that, although Plaintiff was disabled due to thyroid

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit.

disorders, his resources exceeded the limit for SSI eligibility.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 16, 2013.  Plaintiff submitted a Waiver of Right to Appear at Hearing and did not appear at the hearing, but his attorney appeared on his behalf.  By decision dated February 13, 2014, the ALJ found that Plaintiff had excess resources since the date he applied for SSI benefits.   Plaintiff's request for review by the Appeals Council of the Social Security Administration was denied on August 19, 2015.  Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

Plaintiff argues that the ALJ failed to fully and fairly develop the record.  Specifically, Plaintiff argues that, although the ALJ based her ruling in part on a lack of sufficient information regarding Plaintiff's assets, the ALJ never asked Plaintiff to provide such evidence.  Plaintiff further argues that the ALJ's decision is not supported by substantial evidence because the ALJ did not discuss all of the evidence that was submitted in support of Plaintiff's lack of resources, including two business checking account statements indicating balances of $.01 and $1.70, respectively.

**Record, Evidentiary Hearing, and ALJ's Decision**

The Court adopts Plaintiff's unopposed Statement of Facts (Doc. No. 23), as amended by Defendant (Doc. No. 28-1), and Defendant's unopposed Statement of Additional Facts (Doc. No. 28-2).  Together, these statements provide a fair and accurate description of the record before the Court.  The Court will discuss specific facts as they are relevant to the parties' arguments.

**DISCUSSION**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (internal citation omitted).

"The basic purpose underlying the supplemental security income program is to assure a minimum level of income for people who are age 65 or over, or who are blind or disabled *and who do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level.*" 20 C.F.R. § 416.110 (emphasis added). "Thus, a claimant not engaging in [substantial gainful activity] and otherwise eligible for the SSI program will be denied benefits if he or she has too much income or too many resources." *Dotson v. Shalala*, 1 F.3d 571, 576 n.6 (7th Cir. 1993). Specifically, an unmarried individual is not eligible for SSI if the individual's resources exceed $2,000 at the relevant time.[2] 42 U.S.C. §§ 1382 (a)(1)(B), (a)(3)(B); 20 C.F.R. §

---

[2] Individuals are also not eligible for SSI benefits if their income exceeds the rate specified in the regulations, 42 U.S.C. § 1382(a)(1)(A), but Plaintiff's application for

416.1205. The regulations define "resources" as "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a).

Here, substantial evidence supports the ALJ's finding that Plaintiff was not eligible for SSI due to undisclosed excess resources. As the ALJ noted, Plaintiff's application for SSI disclosed a revocable trust in Plaintiff's name, which Plaintiff established and of which Plaintiff was the trustee. The trust gave Plaintiff the power to amend, alter, revoke, or terminate the trust; to cause property to be transferred to the trust; and to use the principal of the trust for Plaintiff's own care, comfort, medical needs, maintenance, and support. As the ALJ found and as Plaintiff does not dispute, the trust is considered a resource available to Plaintiff for purposes of determining Plaintiff's financial eligibility for SSI. *See* 42 U.S.C. § 1382b(e)(3)(A) ("In the case of a revocable trust established by an individual, the corpus of the trust shall be considered a resource available to the individual.").

The ALJ found that "the total value of assets held in the trust is unknown, despite the best efforts of the field office to obtain such information." (Tr. 13.) The ALJ found that "[t]he record shows that the claimant has been asked to document additions/subtractions from the Trust on numerous occasions, but has failed to do so," and that "[w]ithout such information, the Social Security Administration cannot determine whether the claimant meets resource requirements." *Id.*

---

benefits stated that he did not receive any income, and the agency did not base its denial of benefits on Plaintiff's income.

Substantial evidence supports these findings. When Plaintiff first disclosed the existence of the trust in his application for benefits, the agency asked Plaintiff to provide additional information about the trust, and Plaintiff responded in a manner that an agency employee described as "purpose[fully] vague." (Tr. 34.) On November 30, 2012, Plaintiff submitted what appeared to be an ATM receipt from PNC Bank dated November 29, 2012, which indicated negative balance of $199.47 in a checking account, accompanied by a handwritten note from Plaintiff stating that this amount represented "the balance of the trust." (Tr. 38.) Plaintiff also submitted a bank statement from a checking account held in the name of his trust, with an account number ending in 6815, which showed account balances between varying from $3,394.03 to $1,927.76 during the time period of September 20, 2012 and October 17, 2012.

A February 8, 2013 report of contact indicates that an agency employee asked Plaintiff to submit complete records relating to his trust and that Plaintiff, up to that point, failed to make a full accounting for the assets of the trust. The agency employee also noted that Plaintiff claimed that the house he lived in was owned by the trust, but other records suggested that the house was in Plaintiff's name. (Tr. 61.) The employee noted that, although Plaintiff claimed that there was no money in the trust and had provided the ATM receipt showing a negative balance described above, the agency discovered bank account information from a different account of Plaintiff's showing that its balance went from $135.79 in October 2012 to $5,836.67 in November of 2012, and Plaintiff was unable to explain where those funds came from. (Tr. 61-62.) Additionally, in denying Plaintiff's request for reconsideration on April 13, 2013, the agency noted that Plaintiff

5

had thus far failed to provide a statement accounting for the balance of the trust. The agency further noted that, as discussed above, although Plaintiff had reported only one checking account, Plaintiff's financial records indicated that he had two such accounts, one of which had received large deposits of a few thousand dollars around the time that Plaintiff applied for benefits. The agency's notice stated that the agency needed "more detailed paperwork" about Plaintiff's resources in order to reconsider Plaintiff's eligibility for SSI. (Tr. 73.)

As the ALJ noted, Plaintiff submitted additional evidence on July 23, 2013. This evidence consisted of a July 17, 2013 letter from Plaintiff's personal attorney, Brian Klar,[3] who stated that he believed Plaintiff was "essentially without assets"; a July 15, 2013 letter from PNC Bank stating that the account ending in 6815 that Plaintiff's trust had held at that bank was closed as of February 15, 2013; bank statements for the account ending in 6815, which indicated a balance of $3,394.03 beginning in September 20, 2012, and which varied over time but eventually decreased to zero on February 15, 2013; bank statements from a PNC Bank business checking account in the name of "Walsh Ave. Properties, LLC" but addressed to Plaintiff, which indicated a consistent balance of $.01 for the period of September 29, 2012, to June 28, 2013; bank statements from another PNC Bank business checking account in the name of "MBF Properties Inc." but addressed to Plaintiff, which indicated a consistent balance of $91.70 for the period of September 29, 2012, to June 1, 2013, and which decreased to $1.70 as of June 17, 2013; a statement for a line of credit in the name of Plaintiff's trust at PNC bank indicating an

---

[3] Klar did not represent Plaintiff during the social security proceedings.

6

outstanding balance of $2,921.41 as of June 14, 2013, with $603.64 due on July 11, 2013; and a few past-due utility bills from June and July 2013. (Tr. 104-55.) This evidence was accompanied by a cover letter from Plaintiff's social security attorney stating that the evidence was "meant to clarify claimant's past and current resources and assets." (Tr. 107.) However, neither the cover letter letter nor anything else submitted by Plaintiff indicated that the evidence submitted represented all of Plaintiff's accounts or assets.

The ALJ discussed some of this additional evidence, stating that the closed account in the trust's name was insufficient to establish the amount of Plaintiff's resources because it was unclear whether the account was the "sole asset . . . in the Trust account at the time it was established." (Tr. 13.) The ALJ also accorded little weight to the conclusory letter from Klar because Klar failed to include any supporting documentation. Although the ALJ did not explicitly discuss the other evidence submitted by Plaintiff, "an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Chaney*, 812 F.3d at 678.

In any event, the additional evidence submitted by Plaintiff, such as his business checking account statements, did not necessarily contradict the ALJ's decision. Indeed, the record establishes that Plaintiff had more bank accounts than he initially disclosed, and none of the additional evidence submitted by Plaintiff appears to account for the bank account discovered by the agency, which had balances of up to $5,836.67 during the November 2012 time frame. Although Plaintiff would have had an opportunity to explain these discrepancies if he appeared at the August 16, 2013 evidentiary hearing,

7

Plaintiff chose not to appear at this hearing, and his attorney who did appear did not provide any additional information about Plaintiff's assets.

"An individual seeking SSI benefits bears the burden of proving that he is qualified to receive such benefits, including providing relevant documents and evidence that the agency cannot otherwise access." *Ball v. Colvin*, No. CV-2012-01574-PHX-BS, 2013 WL 5886604, at *5 (D. Ariz. Oct. 31, 2013) (citing 20 C.F.R. § 416.200). When an individual fails to provide information about his resources upon request, courts have affirmed the ALJ's decision to deny SSI benefits. *See, e.g., Ball*, 2013 WL 5886604, at *5 (affirming the ALJ's decision to deny SSI benefits due to excess resources where "[t]he record reflect[ed] that despite being directed to provide relevant documents regarding his resources, and after numerous opportunities to do so, Plaintiff failed to submit evidence to the Agency of any current liens on his properties, mortgage statements, or appraisals showing a lesser value than the value in the tax records before the ALJ" and where "Plaintiff [did] not explain his failure to produce the documents the Agency requested"); *Alford v. Astrue*, No. 2:11CV00042 JLH-BD, 2012 WL 2450774, at *3-4 (E.D. Ark. June 27, 2012) (affirming the ALJ's decision to deny SSI benefits to a claimant who failed to submit evidence to confirm his financial eligibility where there was evidence that the claimant "had more than $16,000 in the bank . . . but withdrew the money just before applying for SSI," and the claimant was given an opportunity to provide documentation to account for the transfer but failed to do so).

An SSI claimant "cannot meet his burden [to establish his financial eligibility] by simply asserting that the ALJ should have questioned him further," *Alford*, 2012 WL

8

2450774, at *3, particularly where, as here, he has not explained what further questioning would have revealed. Indeed, as Defendant correctly notes, in Plaintiff's request for review by the Appeals Council after receiving the ALJ's decision, Plaintiff did not attempt to provide additional financial information but simply resubmitted the same evidence he had already given to the ALJ. (Tr. 157-216.) In sum, given the paucity of evidence of Plaintiff's resources and Plaintiff's failure to explain the discrepancies in the evidence that was submitted, substantial evidence supports the ALJ's decision to deny SSI benefits. Therefore, the Court will affirm the ALJ's decision.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2017.